UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THOMAS J. GRADY, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff(s), ) ) | |
| vs. ) ) | Case No. 4:06CV58 JCH |
| WORLD TAE KWON DO ACADEMY and St. Peters/St. Charles Physical Fitness Center, Inc., d/b/a World Martial Arts Academy, and GREATBANC, INC., d/b/a FIRST NATIONAL BANK OF CHICAGO HEIGHTS, ) ) ) ) ) ) ) | |
| Defendant(s). ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants GreatBanc, Inc.'s and First National Bank's[1] (collectively "First National Bank") Motion to Dismiss, filed March 20, 2006. (Doc. No. 7). The matter is fully briefed and ready for disposition.

## **BACKGROUND**[2]

By way of background, Plaintiff Thomas J. Grady filed his original Complaint in this matter on January 12, 2006. (Doc. No. 1). On February 9, 2006, Plaintiff filed his First Amended Complaint ("Complaint" or "Compl."), a purported class action, against Defendants World Tae Kwon Do Academy and St. Peters/St. Charles Physical Fitness Center, Inc., d/b/a World Martial Arts Academy

---

[1] According to First National Bank, Plaintiff incorrectly named GreatBanc, Inc., d/b/a First National Bank of Chicago Heights as a Defendant, when in reality, GreatBanc, Inc. is a separate corporate entity from First National Bank of Chicago Heights. (Defendants GreatBanc, Inc.'s and First National Bank's Motion to Dismiss, P. 1 n. 1).

[2] The majority of the Court's background section is taken from Plaintiff's First Amended Complaint, to which Defendant First National Bank has not yet filed an Answer.

("WMAA"), and First National Bank. (Doc. No. 6). With his First Amended Complaint, Plaintiff purports to bring, "a consumer class action seeking actual damages, statutory damages, attorney's fees and costs of suit for violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"), and Federal Reserve Board Regulation Z, 12 C.F.R. § 226 (hereinafter "FRB Reg. Z")." (Compl., ¶ 1).

According to Plaintiff, on or about January 13, 2005, a representative of WMAA informed Plaintiff he could purchase WMAA's martial arts instruction services for a cash price of $2,200.00; otherwise, Plaintiff would have to pay $2,700.00 to finance the cost of the program. (Compl., ¶¶ 9, 12). When Plaintiff opted for the finance deal, the representative presented Plaintiff with a Retail Installment Contract ("RIC"), which Plaintiff signed that same day. (Id., ¶ 13, citing Plaintiff's Exh. 1). The RIC indicated that both the Annual Percentage Rate and the Finance Charge associated with Plaintiff's contract would be zero. (Plaintiff's Exh. 1, P. 1). Plaintiff asserts First National Bank eventually purchased the RIC from WMAA for an amount less than $2,700.00. (Compl., ¶ 14).

In Count I of his Complaint, Plaintiff alleges that as a creditor, WMAA violated the Truth in Lending Act by imposing a finance charge of $500.00 on Plaintiff's RIC, without disclosing said finance charge and the annual percentage rate associated with the extension of credit. (Compl., ¶¶ 23-28). With respect to Defendant First National Bank, Plaintiff alleges in Count II as follows:

> 30. Upon information and belief [First National Bank], at all relevant times herein, accepted all or a great majority of the retail installment contracts executed between WMAA and its customers for which [First National Bank] paid less than the face amount of the "Amount Financed." As a result, [First National Bank] was an integral part of WMAA's financing program such that [First National Bank] was the true extender of all loans made to the class members and WMAA was a mere conduit for these loans. [First National Bank] was therefore a "creditor" within the meaning of TILA and Reg. Z.
>
> 31. Pursuant to 15 U.S.C. § 1638(a)(3) and (4), and FRB Reg. Z, § 226.18(d) and (e), [First National Bank] was required to disclose the finance charge and

> annual percentage rate (APR) to Plaintiff and members of the Class prior to the consummation of said transactions.
>
> 32. Defendant [First National Bank] failed to make accurate and timely disclosures of the finance charge and APR, and thereby violated TILA and Reg. Z.
>
> 33. Pursuant to 15 U.S.C. § 1640(a), [First National Bank] is liable to Plaintiff and members of the Class for actual and statutory damages, attorney's fees and court costs.

(Compl., ¶¶ 30-33).

In the instant Motion to Dismiss, filed March 20, 2006, First National Bank maintains Plaintiff's claim against said Defendant must be dismissed in its entirety, for failure to state a claim upon which relief can be granted. (Defendants GreatBanc, Inc.'s and First National Bank's Memorandum in Support of their Motion to Dismiss ("First National Bank's Memo in Support"), P. 1). Specifically, First National Bank asserts it could not have violated the disclosure requirements of the TILA as alleged in the First Amended Complaint, because First National Bank is not a creditor according to the plain language of the TILA. (Id., PP. 1-2).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of its claim which would entitle it to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that

there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

## **DISCUSSION**

"The TILA compels creditor-disclosure of certain information in a 'consumer credit transaction.'" Kinzel v. Southview Chevrolet Co., 892 F.Supp. 1211, 1215 (D. Minn. 1995), citing 15 U.S.C. § 1638; 12 C.F.R. § 226.18. The TILA affords a private right of action against, "any creditor who fails to comply with any requirement imposed under this part...." 15 U.S.C. § 1640(a). The TILA further defines a "creditor" as, "a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, *and* (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(f) (emphasis added); see also 12 C.F.R. § 226.2(a)(17)(i).

In its Motion to Dismiss, First National Bank asserts it cannot be held liable for the purported TILA violations, as it is not a creditor under the terms of TILA. (First National Bank's Memo in Support, PP. 4-7). Specifically, First National Bank maintains that with his Complaint, Plaintiff fails to allege First National Bank fulfills the second prong of the test for creditor, i.e., that the obligation at issue initially was payable to First National Bank. (Id., P. 6).

In his response to First National Bank's Motion to Dismiss, Plaintiff relies on Joseph v. Norman's Health Club, Inc., 532 F.2d 86, 91-2 (8th Cir. 1976), to argue that First National Bank was a creditor under the TILA. (Memorandum in Opposition to Defendant GreatBanc and First National Bank's Motion to Dismiss, PP. 2-3). The Court notes that Congress revised the TILA's definition

- 4 -

of "creditor" effective October 1, 1982, however, and thus Joseph is no longer good law on the issue of determining who is a creditor under the TILA. Kinzel, 892 F.Supp. at 1216. Under the revised definition, the Court finds First National Bank was not a TILA creditor in this transaction, as it was not the person to whom the debt initially was payable.[3] Id.; see also In re First Alliance Mortg. Co., 280 B.R. 246, 249-50 (C.D. Cal. 2002); Carter v. Alston, 2005 WL 3021974 at * 2-3 (E.D. Va. Nov. 10, 2005). First National Bank's Motion to Dismiss on this basis must therefore be granted.[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants GreatBanc, Inc.'s and First National Bank's Motion to Dismiss (Doc. No. 7) is **GRANTED**, and Count II of Plaintiff's First Amended Complaint is **DISMISSED** with prejudice.

Dated this 24th day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff admits in his Complaint that the debt initially was payable to WMAA. (See Compl., ¶ 23).

[4] First National Bank further cannot be held liable as an assignee of the creditor, because Plaintiff fails to allege the TILA violations were, "apparent on the face of the disclosure statement." See 15 U.S.C. § 1641(a); Fielder v. Credit Acceptance Corp., 98 F.Supp.2d 1104, 1106 (W.D. Mo. 2000).